## SHIMER

v.

## BOWLING GREEN STATE UNIVERSITY.

Court of Claims of Ohio.

No. 97–02330.

Decided Jan. 21, 1999.

14

*Robert Zelvy* and *Melissa L. Eaton,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

In her complaint, plaintiff Shalene Shimer alleges that defendant was negligent in failing to properly cover an open orchestra pit, which thereby caused plaintiff to fall, resulting in bodily injury to her.

This action came to trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by counsel.

In 1996, plaintiff was a student at Bowling Green State University ("BGSU"), majoring in music. On the evening of April 27, 1996, plaintiff participated as a chorus member in the last of four performances of a BGSU theater production that was held at the Eva Marie Saint Theater. After the final performance had ended, plaintiff was expected to help in "striking the set," which entailed dismantling and removing all of the scenery, equipment, and props from the stage. Testimony revealed that plaintiff had not participated in a strike prior to the night of the incident and that she was working under the direction of Steven Boone, the technical director for the production. Boone testified that the theater department's policy required all performers to participate in the strike.

At the time of the incident, the theater stage was configured so that a portion of the orchestra pit was filled in with removable platform sections and covered to function as an extension of the stage. The configuration of the theater orchestra pit could be varied by using up to thirty platform sections that were stored beneath the stage when not in use. Approximately one-third of the orchestra pit remained open for use during the performance.

Defendant filed an illness and injury report that states that plaintiff was injured at approximately 12:45 a.m. on April 28, 1996, when she fell backwards from the stage into the orchestra pit. According to plaintiff's testimony, she responded to a "heads up" call and looked up to watch for hanging scenery that was being lowered while instinctively taking a few steps backward, causing her to fall into the orchestra pit.

■ Plaintiff's complaint is construed to set forth a single cognizable action, which is one sounding in negligence. In order to prevail upon her claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

■ Plaintiff first contends that defendant is negligent *per se* for failing to comply with the Ohio Basic Building Code ("OBBC"), Ohio Adm.Code 4101:2–3–05 *et seq.* Specifically, plaintiff asserts that defendant was not in compliance with the requirements for platform construction. However, plaintiff's inadvertent fall from the edge of a theater stage and her resulting injury are unrelated to any issues regarding the materials or design used to construct the stage. Accordingly, the court finds that the provisions of Ohio Adm.Code 4101:2–3–05 have no application to the circumstances which caused plaintiff's injuries. Therefore, plaintiff's claim of negligence *per se* is without merit.

■ The duty of care owed to plaintiff as a student of a state university is that of an invitee. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 550 N.E.2d 517. In Ohio, the duty owed to invitees is as follows:

"It is the duty of the owner or occupier of premises to exercise ordinary or reasonable care for the safety of invitees, so that the premises are in a reasonably safe condition for use in a manner consistent with the purpose of the invitation. If he directly or by implication invites others to go on the premises, it is his duty to have them reasonably safe, and to warn of latent or concealed perils of which he knows or has reason to know, and if he creates the condition, he is charged with knowledge thereof. He must use ordinary care in keeping his premises free from dangers which are not discernible by a prudent person who uses ordinary care, and is liable if an invitee is injured as the result of a defect which exists through his negligence." (Citations omitted.) 76 Ohio Jurisprudence 3d (1987) 18–20, Premises Liability, Section 7. See, also *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 65 O.O.2d 129, 303 N.E.2d 81; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 28 OBR 165, 502 N.E.2d 611.

■ Therefore, defendant owed plaintiff a duty to exercise ordinary and reasonable care to protect her from unreasonable risks of physical harm of which the university knew or had reason to know. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335. Reasonable care is that which would be used by an ordinarily prudent person under similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

In order to recover from the occupier of premises for personal injuries claimed to have been caused by the condition of those premises, an invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition. *Baldauf, supra.* However, where an invitee voluntarily exposes herself to a hazard, the owner or occupier of the premises will not be the insurer of her safety, since an invitee is required to exercise some degree of care for her own safety. *Thompson v. Kent State Univ.* (1987), 36 Ohio Misc.2d 16, 521 N.E.2d 526. There is no duty to warn an invitee if a danger is so open and obvious that the invitee may reasonably be expected to discover it and protect herself against it. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. See, also, *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 566 N.E.2d 698.

Upon review of the evidence, there is no doubt that the orchestra pit was open and obvious and that plaintiff was aware of its existence. Plaintiff testified that the stage lighting was adequate at the time of the incident and that she was aware of the stage configuration, including the existence of the orchestra pit. Plaintiff further testified that she had been on stage many times during the four weeks prior to her fall.

Plaintiff also contends that defendant was negligent for not covering the pit in an expeditious manner because the orchestra pit presented a foreseeable risk to those working on the stage. However, in *Grabill v. Worthington Industries, Inc.* (1994), 98 Ohio App.3d 739, 744, 649 N.E.2d 874, 878, the court stated: "Foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence."

Testimony revealed that a logical sequence was followed to strike the stage and that, in any case, the pit sections could not be replaced in the time between the end of the performance and plaintiff's injury. Moreover, regardless of foreseeability, if the owner and invitee "are equally aware of the dangerous condition and the invitee voluntarily exposes himself to the hazard, the owner or occupier will not be liable." *Stinson v. Cleveland Clinic Found.* (1987), 37 Ohio App.3d 146, 149, 524 N.E.2d 898, 901.

In the present case, plaintiff failed to prove that the open orchestra pit constituted an unreasonably dangerous condition to plaintiff or the other student performers. Therefore, the court finds that defendant did not breach its duty of ordinary care to plaintiff.

Even assuming, *arguendo*, that defendant was negligent, plaintiff still would not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiffs from recovery if their actions were a greater cause (more than fifty

percent) of their injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than plaintiff's own negligence. Furthermore, the open and obvious hazard doctrine can still apply to obviate a duty owed to an invitee, despite the adoption of a comparative negligence statute. *Krause v. G & C Properties* (Nov. 3, 1994), Cuyahoga App. No. 66379, unreported, at 8, 1994 WL 613769, following *Parsons, supra.*

Additionally, there is no liability when an invitee's inattentiveness to the surrounding circumstances and failure to protect herself from an obvious danger proximately cause her accident. *Doelker v. Ohio State Univ.* (1990), 61 Ohio Misc.2d 69, 573 N.E.2d 809.

As previously stated, plaintiff was aware of the open orchestra pit when she worked on defendant's theater stage and chose to participate in the strike. The court finds that she voluntarily exposed herself to the hazard.

For the foregoing reasons, the court concludes that plaintiff has failed to prove that defendant breached any duty that it owed to her.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.