JOURNAL ENTRY AND OPINION
Appellant, Dorothy Bolden, appeals the trial court's decision granting summary judgment in favor of appellee, Meridia Huron Hospital.[1] Appellant had sued appellee for negligence because she tripped and fell on appellee's premises. For the following reasons, we affirm.
Evelyn Dotson testified that she works at the reception desk of the lab at Meridia Huron Hospital. Her desk is visible from the window. Usually patients leave their specimens at the window, unless they need to come in to have blood drawn. Ms. Dotson first noticed appellant standing at her desk with a saliva specimen. Dotson told appellant to leave the specimen at her desk. Appellant left the specimen, turned to leave and fell. The telephone cord was on the floor where appellant fell. Dotson did not notice exactly how the phone cord was situated on the floor. She did not know if the cord was behind the desk or out in the walk area. The telephone cord went from the phone on Dotson's desk into the wall. Dotson would sometimes stretch the phone up to the window for doctors to use, but the phone was on Dotson's desk at the time of the accident.
Dorothy Bolden deposed that when she went to the lab, the lady told her to come in and give the specimen to her. She handed the woman the specimen. When she turned to leave, her feet got hung up in the cord. She walked one or two steps before falling. Then, she could feel her feet get caught up in a cord laying on the floor and she fell. She did not see the cord either before or after the accident. She did not know if the cord was tacked down.
Appellant's sole assignment of error states:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN ISSUES OF MATERIAL FACT EXIST.
Summary judgment is appropriate upon the demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56 (C), Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Summary judgment is proper after adequate discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. Id.
In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680. Taking evidence in light most favorable to appellant, appellant was a business invitee. A premises owner has the duty to exercise ordinary care and to protect the invitee by maintaining the premises in a reasonably safe condition. Paschal v. Rite AidPharmacy (1985), 18 Ohio St.3d 203.
The business invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition of the premises. Baldauf v. Kent State University (1988), 49 Ohio App.3d 46,48; Krause v. Albrecht Grocery Store (Jul. 1, 1999), Cuyahoga App. No. 74468, unreported; Provateare v. HausmanCompany (Apr. 29, 1999), Cuyahoga App. No. 74061, unreported.
 The question as to whether the condition of premises complained of is an unreasonably dangerous condition is usually a question of fact for determination by the jury or other trier of the facts. However, where reasonable minds cannot determine that such condition was unreasonably dangerous, the trial court should not permit a jury to determine that it was.
Baldauf, supra at 48.
Appellee asserts that it was entitled to summary judgment because there was no evidence that the telephone cord was in a hazardous condition. Dotson and appellant were the only two witnesses to the accident. Neither woman knew whether the cord was under the desk or in the walking area immediately prior to the accident. There was no evidence as to whether the cord was tacked down.
There was no evidence from which the trier of fact could conclude that the telephone cord was in an unsafe condition. The mere fact that appellant tripped on the cord is not enough to establish negligence. See Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 389; Parras v. Standard Oil Co. (1953),160 Ohio St. 315, 319. The trial court did not err in granting summary judgment in favor of appellee.
Accordingly, appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON. J., CONCURS KARPINSKI. J., DISSENTS (SEEATTACHED DISSENTING OPINION)
 _________________________________ ANN DYKE PRESIDING JUDGE
[1] Appellant appealed an order granting summary judgment in favor of Meridia Huron Hospital. This court dismissed the appeal because no judgment had been reached as to defendant Meridia Health System. Subsequently, the trial court granted summary judgment in favor of Meridia Health System. This court permitted the appeal to be reinstated.