[Cite as *Kanitz v. Ohio Univ.*, 2009-Ohio-7187.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAUREN KANITZ

Plaintiff

v.

OHIO UNIVERSITY

Defendant

Case No. 2009-07351-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Lauren Kanitz, a student at defendant, Ohio University (OU), suffered personal injury when she slipped and fell on a wet floor at the Jefferson Dining Hall, a facility owned and operated by OU. Plaintiff recalled she went to defendant's dining hall on April 1, 2009, placed some possessions on a table, and then walked toward a tray stand to retrieve a tray. Apparently, as plaintiff was attempting to remove a tray from the stand, she slipped and fell on a puddle of water that was on the floor surrounding the base of the tray stand. Plaintiff stated "I didn't notice the puddle of water on the floor from the trays dripping; I stepped in the puddle and slipped and as I was falling I felt something in my knee move." Plaintiff noted that after the slip and fall incident she "could barely walk" due to the pain in her right knee. Plaintiff related she was able to accompany the dining hall manager to the dining hall office and file an incident report (copy submitted by defendant) concerning her slip and fall injury occurrence At some time after she fell, plaintiff went to the OU health center and had x-rays taken of her right knee. Plaintiff maintained she was advised by a doctor at the OU health center that "I more than likely pulled a ligament in my right knee." Plaintiff

explained she used crutches for a week, but the pain in her knee persisted and she subsequently had an MIR "that revealed that I had water/fluid around my knee." Plaintiff pointed out that upon receiving this diagnosis she received medical advice to rehabilitate her knee with physical therapy.

{¶ 2} Plaintiff implied the injury to her knee was proximately caused by negligence on the part of defendant in maintaining a hazardous condition at the Jefferson Dining Hall on April 1, 2009. Plaintiff filed this complaint without designating any damage amount. Plaintiff submitted two bills for medical treatment she received on May 6, 2009. Treatment costs for the May 6, 2009 service totaled $1,088.21. It is indicated on the two bills that plaintiff is being charged a total of $139.79 for the May 6, 2009 medical service. Plaintiff acknowledged she carries medical insurance but related her insurer "refuses to pay anything on this injury." In her complaint, plaintiff suggested she has sustained pain and suffering damages as a result of her slip and fall injury. The filing fee was paid.

{¶ 3} Defendant denied liability in this matter based on the contention that plaintiff failed to offer sufficient evidence to establish her slip and fall injury was proximately caused by negligence on the part of OU in maintaining a latent hazardous slippery condition on the floor of the Jefferson Dining Hall. Defendant explained it had been raining on April 1, 2009 and consequently, Jefferson Dining Hall staff were in the process of placing "wet floor" signs around the area "just at the moment that plaintiff fell." Defendant suggested plaintiff's slip and fall may have been caused by a natural accumulation of tracked in rain water despite the fact plaintiff stated the water she slipped on dripped from wet trays stored in the tray stand. Furthermore, defendant acknowledged "[t]he process by which food trays are cleaned ultimately results in some spillage due to residual water remaining on some of them." Defendant essentially asserted plaintiff failed to prove her injury was the result of defendant breaching any duty of care owed to her in respect to either protecting her from or warning her of any hidden hazardous condition on the Jefferson Dining Hall premises.

{¶ 4} Defendant also contended "plaintiff bears some degree of negligence by her choice of footwear at the time of the loss." Defendant related plaintiff pointed out "that at the time of her fall she was wearing unconventional shoes, specifically flip-flops." Defendant further related "[f]lip-flops are more suitable for use in the shower or

at the beach." According to defendant, the flooring used at the Jefferson Dining Hall where plaintiff slipped and fell consisted of tile. Defendant explained the tile floor surface was deliberately selected for use at the Jefferson Dining Hall "for reasons of sanitation, despite the fact that water will, of necessity, collect on them from time to time." Defendant reasoned plaintiff's choice of foot wear was suitable for use in a shower, but not suitable to wear while walking on the floor surface at the Jefferson Dining Hall. Defendant expressed the opinion plaintiff's footwear did not provide sufficient support for her lower extremities to inhibit the extent of injuries from slip and fall incidents such as the particular event forming the basis of this claim. Defendant did not produce requisite qualifications for the court to give this expressed opinion any weight or credibility. Furthermore, the trier of fact notes that tile flooring is used in showers with the full knowledge of designers and users that water collects on such flooring making the surface slippery. The trier of fact finds it incongruous that defendant would acknowledge plaintiff's choice of footwear was safe to wear in a shower, but unsafe to wear to walk on the surface of the dining hall.

{¶ 5} After reviewing all evidence submitted, the court finds plaintiff slipped and fell on water accumulations emanating from recently cleaned trays. The residual water left on the trays dripped from individual trays secured in the tray stand and fell to the floor of the Jefferson Dining Hall. Evidence does not support a finding that the water plaintiff slipped on was tracked in rain water.

{¶ 6} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271. Generally, in the area of premises liability, the status of a person who enters upon the land of another determines the scope of the duty the premises owner owes the entrant. *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St. 3d 414, 417, 1994-Ohio-427, 644 N.E. 2d 291. Under the facts of the instant claim, plaintiff's status was that of an invitee. See *Baldauf v. Kent State Univ.* (1998), 49 Ohio App. 3d 46, 550 N.E. 2d 517; *Shimer v. Bowling Green State Univ.* (1999), 96 Ohio Misc. 2d 12, 16, 708 N.E. 2d 305.

{¶ 7} "[T]he possessor of premises owes a duty to an invitee to exercise ordinary or reasonable care for his or her safety and protection. This duty includes

maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge." *Baldauf*, at 47, 48 citing *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. "However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf*, at 48, citing *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 158 N.E. 174. Although the owner of premises generally owes a duty of ordinary care "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603. There is no duty on the part of a premises owner to warn or protect an invitee of a hazardous condition, where the condition is so obvious and apparent that the invitee should reasonably be expected to discover the danger and protect herself from it. *Parsons v. Lawson Co.* (1989), 57 Ohio App. 3d 49, 566 N.E. 2d 698; *Blair v. Ohio Department of Rehabilitation and Correction* (1989), 61 Ohio Misc. 2d 649, 582 N.E. 2d 673. This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶13. If an alleged hazard is open and obvious, whether plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.*, Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶17.

{¶ 8} Open and obvious hazards are those conditions that are neither hidden nor concealed from view and are discoverable by ordinary inspections. *Parsons v. Lawson.* "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." *Lydic v. Lowe's Cos., Inc.*, Franklin App. No. 01AP-1432, 2002-Ohio-5001. at ¶10. Put another way, "the

crucial inquiry is whether 'a customer exercising ordinary care under [the] circumstances would have seen and been able to guard him or herself against the condition.'" *Kidder v. The Kroger Company.*, Montgomery App. No. 20405, 2004-Ohio-4261. at ¶11, citing *Youngerman v. Meijer, Inc.* (Sept. 20, 1996), Montgomery App. No. 15732. A determination of liability depends largely on the facts of a particular case where the issue involved relates to the open and obvious doctrine. *Lawson v. Columbia Gas of Ohio, Inc.* (1984), 20 Ohio App. 3d 208, 20 OBR 254, 485 N.E. 2d 837.

{¶ 9} Attendant circumstances may create a genuine issue of fact as to a determination of whether or not a danger was open and obvious. *Quinn v. Montgomery County Educational Serv. Ctr.*, Montgomery App. No. 20596, 2005-Ohio-808; *Collins v. McDonald's Corp.*, Cuyahoga App. No. 83282, 2004-Ohio-4074. While no precise definition of attendant circumstances exists, generally such circumstances include any distraction that would come to the attention of a pedestrian in the same situation and therefore reduce the degree of care an ordinary person would exercise at the time for her own safety. See *McGuire v. Sears Roebuck and Co.* (1996), 118 Ohio App. 3d 494, 639 N.E. 2d 807. The phrase attendant circumstances refers to all circumstances surrounding the event, such as the time and place, the environment or background, and conditions existing that would unreasonably increase the normal risk of a harmful result of the event. See *Cash v. Cincinnati* (1981), 66 Ohio St. 2d 319, 324, 20 O.O. 3d 300, 421 N.E. 2d 1275. An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. *Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App. 3d 155, 158, 684 N.E. 2d 1273.

{¶ 10} In the instant claim, plaintiff stated she "didn't notice the puddle of water in the floor from the trays dripping." Plaintiff did not cite any attendant circumstances preventing her from noticing the water dripping from the trays onto the floor of the Jefferson Dining Hall. From the evidence available it appears the condition of the dining hall floor was open and obvious. Therefore, under the circumstances presented plaintiff should have been able to discern the condition and protect herself from any danger presented. Defendant owed no duty to protect or warn plaintiff from such an open and obvious condition. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAUREN KANITZ

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2009-07351-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lauren Kanitz
6733 Miamiwoods Drive
Loveland, Ohio  45140

George T. Wendt, Risk Manager
Ohio University
160 Union Street

HDL Center 166H
Athens, Ohio  45701

RDK/laa
10/29
Filed 12/16/09
Sent to S.C. reporter 4/7/10