[Cite as *Reese v. Ohio Univ.*, 2010-Ohio-6669.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUDITH R. REESE

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-06567-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Judith R. Reese, a student attending Ohio University (OU), filed this action against defendant contending she suffered injury on February 18, 2010 as a proximate cause of negligence on the part of OU personnel in maintaining a hazardous condition on the premises of the Chillicothe campus. Specifically, plaintiff asserted she sprained her left knee when she slipped and fell on ice at the curb area of a sidewalk between Bennett Hall and Stevensen Hall on Defendant's Chillicothe campus. Plaintiff submitted photographs depicting the sidewalk area where she slipped and fell. After reviewing the photographs, the trier of fact finds the site depicted shows snow and ice removal was performed on the sidewalk area with a highly visible natural accumulation of snow and ice remaining at the curb area abutting the cleared sidewalk. In her complaint, plaintiff requested damages in the amount of $1,929.50, the cost of medical treatment expenses she incurred as a result of her slip and fall injury that occurred on February 18, 2010, at approximately 10:15 a.m. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant contested this matter arguing OU did not owe any duty to

plaintiff to remove natural accumulations of snow and ice from campus premises and consequently, plaintiff is barred from recovery for injuries received as a result of a slip and fall on icy pavement. Defendant maintained OU had no duty to protect plaintiff from dangers associated with the natural accumulation of ice and snow.

{¶ 3} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271. Generally, in the area of premises liability, the status of a person who enters upon the land of another determines the scope of the duty the premises owner owes the entrant. *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St. 3d 414, 417, 1994-Ohio-427, 644 N.E. 2d 291. Under the facts of the instant claim, plaintiff's status was that of an invitee. See *Baldauf v. Kent State Univ.* (1998), 49 Ohio App. 3d 46, 550 N.E. 2d 517; *Shimer v. Bowling Green State Univ.* (1999), 96 Ohio Misc. 2d 12, 16, 708 N.E. 2d 305.

{¶ 4} "[T]he possessor of premises owes a duty to an invitee to exercise ordinary or reasonable care for his or her safety and protection. This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge." *Baldauf*, at 47, 48 citing *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. "However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf*, at 48, citing *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 158 N.E. 174. Although the owner of premises generally owes a duty of ordinary care "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603. There is no duty on the part of a premises owner to warn or protect an invitee of a hazardous condition, where the condition is so obvious and apparent that the invitee should reasonably be expected to discover the danger and protect herself from it. *Parsons v. Larson Co.* (1989), 57 Ohio App. 3d 49, 566 N.E. 2d 698; *Blair v. Ohio*

*Department of Rehabilitation and Correction* (1989), 61 Ohio Misc. 2d 649, 582 N.E. 2d 673. This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶13. If an alleged hazard is open and obvious, whether plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.*, Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶17.

{¶ 5} Furthermore, a landowner ordinarily owes no duty to an invitee, such as plaintiff, to remove accumulations of ice and snow on the premises or to warn the invitees of dangers associated with these natural accumulations. See *Brinkman v. Ross*, 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175. Everyone is assumed to appreciate the risks presented by such snow and ice accumulations and consequently, everyone is expected to bear responsibility for protecting himself from such risks presented by natural accumulations of ice and snow. *Brinkman*.

{¶ 6} "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily they would disappear before correction would be practicable . . . To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossibile, and ordinarily impracticable . . . to perform." *Norwalk v. Tuttle* (1906), 73 Ohio St. 242, 245, 76 N.E. 617, as quoted in *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589.

{¶ 7} Consequently, plaintiff cannot recover damages from defendant based on any failure to remove natural accumulations of ice and snow. Therefore, plaintiff's claim is denied.

Court of Claims of Ohio

JUDITH R. REESE

      Plaintiff

      v.

OHIO UNIVERSITY

      Defendant

      Case No. 2010-06567-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Judith R. Reese
2821 Dutch Run Road
Beaver, Ohio  45613

George T. Wendt
Ohio University
160 Union Street
HDL Center 166H
Athens, Ohio  45701

RDK/laa
10/14
Filed 11/10/10
Sent to S.C. reporter 2/11/11