[Cite as *Kumpf v. Miami Univ.*, 2011-Ohio-3860.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID KUMPF, et al.

    Plaintiffs

    V.

MIAMI UNIVERSITY

    Defendant

    Case No. 2010-12125-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiffs, Seth Kumpf, who was visiting a student attending Miami University (MU), and his father, David Kumpf, filed this action against defendant contending Seth suffered injury on February 21, 2009, as a proximate cause of negligence on the part of MU personnel in maintaining a hazardous condition on the premises of the Miami campus. Specifically, plaintiffs asserted Seth broke his elbow when he slipped and fell on ice on a section of the walkway outside of Emerson Hall on defendant's premises. Plaintiffs submitted photographs depicting the sidewalk area where Seth slipped and fell. After reviewing the photographs, the trier of fact finds the site depicted a long span of sidewalk area with a highly visible natural accumulation of snow and ice remaining on the middle portion of the length of sidewalk leading up to a brick building. In their complaint, plaintiffs requested damages in the amount of $675.19, the cost of medical treatment expenses plaintiff David Kumpf incurred as a result of the slip and fall injury that occurred on February 21, 2009, at approximately 7:00 p.m. The $25.00 filing fee was paid.

{¶ 2} Defendant contested this matter arguing "the presence of ice or slush was an open and obvious danger which reasonably should have been seen by the plaintiff Seth Kumpf to allow him to take appropriate measures to protect himself." Defendant implied it had no duty to protect plaintiffs from dangers associated with the natural accumulation of ice and snow.

{¶ 3} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271. Generally, in the area of premises liability, the status of a person who enters upon the land of another determines the scope of the duty the premises owner owes the entrant. *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St. 3d 414, 417, 1994-Ohio-427, 644 N.E. 2d 291. Under the facts of the instant claim, Seth's status was that of an invitee. See *Baldauf v. Kent State Univ.* (1998), 49 Ohio App. 3d 46, 550 N.E. 2d 517; *Shimer v. Bowling Green State Univ.* (1999), 96 Ohio Misc. 2d 12, 16, 708 N.E. 2d 305.

{¶ 4} "[T]he possessor of premises owes a duty to an invitee to exercise ordinary or reasonable care for his or her safety and protection. This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge." *Baldauf*, at 47, 48 citing *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. "However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf*, at 48, citing *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 158 N.E. 174. Although the owner of premises generally owes a duty of ordinary care "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603.

{¶ 5} There is no duty on the part of a premises owner to warn or protect an invitee of a hazardous condition, where the condition is so obvious and apparent that the invitee should reasonably be expected to discover the danger and protect himself

from it. *Parsons v. Larson Co.* (1989), 57 Ohio App. 3d 49, 566 N.E. 2d 698; *Blair v. Ohio Department of Rehabilitation and Correction* (1989), 61 Ohio Misc. 2d 649, 582 N.E. 2d 673. This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶13. If an alleged hazard is open and obvious, whether plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.*, Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶17.

{¶ 6} Furthermore, a landowner ordinarily owes no duty to an invitee, such as plaintiff, to remove accumulations of ice and snow on the premises or to warn the invitees of dangers associated with these natural accumulations. See *Brinkman v. Ross*, 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175. Everyone is assumed to appreciate the risks presented by such snow and ice accumulations and consequently, everyone is expected to bear responsibility for protecting himself from such risks presented by natural accumulations of ice and snow. *Brinkman*.

{¶ 7} "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily they would disappear before correction would be practicable . . . To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossibile, and ordinarily impracticable . . . to perform." *Norwalk v. Tuttle* (1906), 73 Ohio St. 242, 245, 76 N.E. 617, as quoted in *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589.

{¶ 8} In his response, David Kumpf argues the area was dark and poorly-lighted such that the danger was not open and obvious. Nonetheless, the court finds that "'[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt* (1968), 15 Ohio St. 2d 224, 44 O.O. 2d 196, 239 N.E. 2d 37, at paragraph three of the syllabus. Indeed, the darkness Seth encountered increased rather than reduced the degree of care he should have exercised for his own

safety. In the present claim, plaintiffs have failed to produce sufficient evidence to establish the icy sidewalk condition was not open, obvious, and readily discernible. Consequently, plaintiffs cannot recover damages from defendant based on any failure to remove natural accumulations of ice and snow. Therefore, plaintiffs' claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID KUMPF, et al.

    Plaintiffs

    v.

MIAMI UNIVERSITY

    Defendant

    Case No. 2010-12125-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David Kumpf
Seth Kumpf
6626 Forestwood Street N.W.
Canton, Ohio 44718

Paul S. Allen
Miami University
Roudebush Hall Room 14
Oxford, Ohio 45056

SJM/laa
3/30
Filed 4/21/11
Sent to S.C. reporter 8/5/11