[Cite as *Carr v. The Ohio State Univ. Med. Ctr.*, 2011-Ohio-6871.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONNA J. CARR,

      Plaintiff,

      v.

THE OHIO STATE UNIVERSITY
MEDICAL CENTER,

      Defendant.

Case No. 2010-11366

Judge Joseph T. Clark

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On October 11, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 8, 2011, plaintiff filed an untimely response. Defendant's motion for summary judgment is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff alleges that in the fall of 2008, she was walking with her son from the Ohio State University (OSU) Medical Center to the parking garage after her son's medical appointment. She alleges that she was walking on a "graveled and dirt exposed inclined pathway" along Tenth Street when she slipped, fell, and suffered injury.

{¶5} Plaintiff alleges that defendant knew the dirt path was unreasonably dangerous and yet permitted the condition to persist. Defendant argues that any danger posed by the pathway was an open and obvious condition and that plaintiff's own actions were the sole proximate cause of her injuries.

{¶6} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶7} Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify her as an invitee, inasmuch as she was "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong*, supra, at ¶5.

{¶8} However, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus. This rule is based upon the rationale that the very nature of an open and obvious danger serves as a warning, and that the "'owner or occupier [of land] may reasonably expect that persons entering the premises will discovery those dangers and take appropriate measures to protect themselves.'" Id. at ¶5, quoting *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644.

{¶9} "Open-and-obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. '[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Rather, the determinative issue is whether the condition is observable.' Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition. Thus, this court has found no duty in cases where the plaintiff could have seen the condition if he or she had looked even where the plaintiff did not actually notice the condition before falling." *McConnell v. Margello*, Franklin App. No. 06AP-1235, 2007-Ohio-4860, ¶10. (Internal citations omitted.)

{¶10} "[U]nless the record reveals a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person, it is appropriate to find that the hazard is open and obvious as a matter of law." Id. at ¶11, citing *Freiburger v. Four Seasons Golf Ctr., L.L.C.*, Franklin App. No. 06AP-765, 2007-Ohio-2871, ¶11.

{¶11} In support of its motion, defendant filed plaintiff's deposition transcript. In her deposition, plaintiff testified that she was walking behind her son along a well-worn dirt and gravel path across the street from the OSU Medical Center. She explained that as she was walking, she stepped on gravel and pebbles that caused her to slip and fall. She had walked on the same path earlier in the day. She testified that she walked on

this pathway, instead of the sidewalk located on the other side of the street, because "I would have to have went across the street, walk in front of the hospital, cross the street again to go in front of the garage. That would have been an obscure path of travel." (Deposition, page 21, lines 13-16.) Further, she testified that she walked on the path because it was the shortest distance and many other people were walking on it.

{¶12} In her deposition, plaintiff testified that she saw the gravel on the path; that she was looking forward when she fell; that she walked on the path during the daylight; and that while there may have been a light dusting of snow on the ground, it did not obstruct her view of the gravel on the dirt path.

{¶13} Further, in her deposition, plaintiff authenticated several photographs that she took of the dirt and gravel path shortly after her fall. The photographs depict a well-worn path in the grassy area next to the street. Based upon these photographs, reasonable minds can only conclude that persons walking in this area could identify the dirt and gravel path upon ordinary inspection and appreciate the dangers, if any, of walking on the pathway. Accordingly, the court finds that to the extent that the path posed a danger, such danger was open and obvious and defendant therefore owed no duty of care toward plaintiff.

{¶14} In her untimely response, plaintiff provided photographs of the path on which she fell; however, the photographs have not been authenticated pursuant to Civ.R. 56(E). Further, she failed to provide the court with any affidavit or other permissible evidence to support her allegations.

{¶15} Construing the evidence most strongly in plaintiff's favor, the court finds that the gravel on the path was observable, and thus, it was an open and obvious condition. Furthermore, plaintiff's deposition testimony establishes that her attention was not diverted by any unusual circumstance of defendant's making while she walked along the path. Accordingly, defendant owed no duty to plaintiff, and defendant is entitled to judgment as a matter of law.

{¶16} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.　Court costs are assessed against plaintiff.　The clerk shall serve upon all parties notice of this judgment and it date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge


cc:


Emily M. Simmons　　　　　　　　　Donna J. Carr
Assistant Attorney General　　　　　4125 Dundee Avenue, Apt. C
150 East Gay Street, 18th Floor　　　Columbus, Ohio 43227
Columbus, Ohio 43215-3130


Filed November 30, 2011
To S.C. reporter December 30, 2011