DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which granted appellees' motions for summary judgment and dismissed the complaint brought by appellant Dolores Buck, executrix of the Estate of Edward J. Buck, for damages resulting from personal injuries suffered by Dolores Buck's father, Edward Buck. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "The trial court erred in finding that there was no genuine issue of any material fact, that reasonable minds could only reach but one conclusion and that conclusion was adverse to the Plaintiff and that the Defendants were entitled to judgment as a matter of law. (Judgment Entry December 2, 1999 — Appendix 1)"
The facts that are relevant to the issues raised on appeal are as follows. On February 15, 1997, Edward Buck tripped and fell while attending a boat show at the Woodville Mall. Appellee Treasure Cove Marina, Inc. was a participant in the show and leased space from appellee Simon DeBartolo Inc., owner of the mall. Buck apparently tripped while attempting to walk between an eight-inch high wall surrounding one of the trees planted in the mall and a portable display unit placed approximately three feet from the wall. Buck suffered a fractured hip from the fall and died on February 25, 1997.
On March 5, 1998, appellant filed a complaint in which she sought to recover for personal injuries suffered by Edward J. Buck due to the negligence of Simon DeBartolo, Inc., ("DeBartolo") and Treasure Cove Marina, Inc. ("Treasure Cove"). On October 18, 1999, DeBartolo and Treasure Cove filed motions for summary judgment. In support of its motion, Treasure Cove argued that appellant could not establish that the business breached any duty to Edward Buck. Treasure Cove asserted that it had no duty to protect Edward Buck from conditions, such as the walls surrounding the tree planters, which were known or so obvious that Buck could have protected himself from them. In support of its motion, DeBartolo asserted that appellant did not provide any evidence of exactly what caused Buck to fall and that, even assuming Buck tripped over the edge of the planter, the planter is not a hazardous condition that would give rise to any liability on the part of DeBartolo.
On December 2, 1999, the trial court filed its judgment entry in which it found that: the design of the tree planters and the surrounding walls at the mall were open and obvious and did not create an unsafe condition; Edward Buck had been to the mall on many occasions over the previous years and had numerous opportunities to take note of the open and obvious conditions there; the distance between the edge of the planter and the bulletin board did not create an unsafe condition; and neither Treasure Cove nor DeBartolo had violated any duty to Edward Buck. The trial court granted the motions for summary judgment of Treasure Cove and DeBartolo.
In her sole assignment of error, appellant asserts that there are issues of fact as to whether the wall surrounding the tree planter created an open and obvious condition, whether the placement of the display board created a hazard by inviting Buck to walk through a confined space, and whether appellees were negligent in failing to take notice of a potentially hazardous condition.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R.56(C).
In this case, it is undisputed that Edward Buck was a business invitee of Treasure Cove and Woodville Mall. As such, appellees were required to exercise ordinary care in maintaining the premises in a reasonably safe condition so that their invitees would not be unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aide Pharmacy, Inc. (1985), 18 Ohio St.3d 203
. Appellees were not, however, insurers of their invitees' safety and had no duty to protect invitees from dangers that are so open and obvious that they might reasonably be expected to discover and protect themselves against such dangers. Id. at 203-204, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. An unreasonably dangerous condition does not exist when people who are likely to encounter that condition may be expected to take good care of themselves without further precautions. Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46.
Edward Buck did not live long enough after his accident to testify as to what he saw just before he fell or as to exactly what caused him to fall. The record, however, contains the deposition testimony of Buck's friend, Dale Shelton, who was next to Buck when he tripped. Shelton testified that they had been at the show for over an hour when the accident happened. Shelton stated that while he and Buck were looking at the Treasure Cove display board that was standing on the floor near one of the tree planters, several other people approached, which caused the men to have to walk behind the display in order to move out of the way. As Shelton moved away, he tripped over the corner of the planter. He then looked around and saw Buck fall. Shelton said that the space between the display and the planter was about three or four feet wide.
Upon review of the evidence that was before the trial court, this court finds that the planter wall and the display board were open and obvious conditions, there was no evidence that the planter wall or the placement of the display board created an unreasonably dangerous condition, and there was no evidence that Buck did in fact trip over the edge of the planter or that his fall was caused in any way by the placement of the display board near the planter.
Upon consideration of the foregoing, this court finds that appellant failed to provide evidence that was sufficient to raise a genuine issue as to any material fact and that, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that the condition created by the placement of the display board next to the wall surrounding the tree planter was obvious and apparent to Edward Buck. Accordingly, the trial court did not err in finding that appellees are entitled to judgment as a matter of law and appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.