DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the November 4, 2002 judgment of the Wood County Court of Common Pleas which granted summary judgment to appellee, Pertoria, Inc. Finding that summary judgment was properly granted in this case, we affirm the decision of the lower court. Appellant, Kimberly S. Navarette, asserts the following assignments of error on appeal:
 {¶ 2} Assignment of Error Number One: "The trial court committed reversible error in granting summary judgment because it improperly found that the open and obvious doctrine operated as a complete bar to appellant's claims.
 {¶ 3} Assignment of Error Number Two: "The trial court committed reversible error by granting summary judgment because it analyzed the openness and obviousness of the hazard in terms of duty rather than causation."
 {¶ 4} Assignment of Error Number Three: "The trial court committed reversible error by granting summary judgment because reasonable minds can differ on whether the hazardous condition upon which Mrs. Navarette fell was open and obvious."
 {¶ 5} The following testimonial evidence was presented through the depositions of the Navarettes. Kimberly and Robert Navarette ate lunch at the Wendy's Restaurant in Perrysburg, Ohio, at 1:00 p.m. on December 24, 1998. It was a cold and windy overcast day. The temperature was below freezing but dry. There had been no precipitation that day nor the day before.
 {¶ 6} As they left the restaurant around 1:15 or 1:20 p.m., Robert opened the door for Kimberly and then moved ahead of her a few feet. Kimberly was carrying their daughter in an infant car seat over her left arm. After she took a few steps forward, Kimberly suddenly felt a tremendous pain in her right leg and fell to the ground. As a result of the fall, she dislocated her knee. Robert, who was a few feet ahead of her, turned after hearing her scream, and he saw her hit the ground.
 {¶ 7} After Kimberly fell, they saw a patch of what appeared to be dark-colored frozen pop on the sidewalk. Kimberly estimated that the patch measured 8-by-4 inches; Robert estimated that it was 10-by-5 inches. Both testified that the patch was clearly visible because it was dark and the sidewalk was a light grey. Kimberly believed that her fall was caused by slipping on the frozen pop spill.
 {¶ 8} After the fall, Robert spoke with a man wearing a head set who came out of the restaurant. He saw Kimberly fall and was inquiring whether she was hurt. Robert told the man that Kimberly had slipped and then the man said: "You know, I seen [sic] this earlier, but had forgotten to have someone come out and salt this." While Kimberly recalled an employee speaking to her husband, she did not hear this conversation because her attention was focused on her daughter. A few minutes later, another employee was salting the spill.
 {¶ 9} Both parties submitted motions for summary judgment. Upon a review of the deposition testimony, the trial court found that there was no genuine issue of material fact and granted summary judgment to appellee on the ground that the spill was an open and obvious risk and, therefore, appellee did not owe appellants a duty to warn them of the danger.
 {¶ 10} An appellate court reviews summary judgment based upon the same standard as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Thus, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 {¶ 11} "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
 {¶ 12} To overcome summary judgment, appellants were required to show that appellee owed appellants a duty to protect them from injury, that appellee breached that duty, that an injury proximately resulted from that breach, and that appellants suffered damages. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 13} On appeal, appellants contend in their first and second assignments of error that the trial court erred by applying the open and obvious doctrine to the issue of appellee's duty of care rather than to the issue of whether appellants assumed the risk. We find appellants' arguments to be without merit.
 {¶ 14} A business owner is not an insurer against all forms of risk to which a business invitee is exposed while on the business owner's property. Howard v. Rogers (1969), 19 Ohio St.2d 42, paragraph two of the syllabus. Rather, it is the owners' superior knowledge that gives rise to his duty to protect or warn the business invitee of danger. LaCourse v.Fleitz (1986), 28 Ohio St.3d 209, 210, and Baldauf v. Kent State Univ.
(1988), 49 Ohio App.3d 46, 50. A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and warn of any latent dangers which he actually knows about or, with the exercise of reasonable care, should know about. LaCourse, supra, and Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203. However, a business owner has no duty to warn or protect a business invitee against dangers that are either known to the invitee or are so open and obvious that it can reasonably be expected that the invitee will discover them and protect himself. Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus, and Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 644.
 {¶ 15} Thus, the open and obvious doctrine is utilized in order to determine whether the business owner owed the invitee any duty of care.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. It is not to be confused with the business owner's assumption of the risk defense. Id. Once the business invitee demonstrates that a duty of care is owed, the business owner can assert a defense of assumption of the risk. Simmers, supra at 646. The elements of the assumption of the risk defense are that: the party had "* * * full knowledge of a condition, such condition must be patently dangerous to him; and he must voluntarily exposed himself to the hazard created. * * *" Briere v. Lathrop Co. (1970), 22 Ohio St.2d 166, 174-175.
 {¶ 16} While some courts have eliminated or modified the open and obvious doctrine in light of the enactment of comparative negligence statutes, the Supreme Court of Ohio has specifically held that it still intends to apply the open and obvious doctrine to the issue of the business owner's duty of care and not to the issue of appellants' comparative negligence. Armstrong, supra at ¶ 9-¶ 14.
 {¶ 17} Therefore, appellants' first and second assignments of error are not well-taken.
 {¶ 18} In their third assignment of error, appellants contend that the frozen pop spill was not an open and obvious hazard. They contend that since Kimberly did not see the spill, her view may have been blocked by the infant carrier she was carrying. Appellants contend that it is reasonable to expect that customers visiting appellee's restaurant will have their view of the sidewalk obstructed by children or other objects. We also reject this argument.
 {¶ 19} As we stated in Miller v. Beer Barrel Saloon (May 24, 1991), 6th Dist. App. No. 90-OT-050, the facts of each case must be examined to determine if a particular hazard was an open and obvious danger. The Supreme Court of Ohio has clearly stated, as a matter of law, that a pedestrian is not required to constantly look downward as he walks. Grossnickle v. Germantown (1965), 3 Ohio St.2d 96, paragraph two of the syllabus, and Texler, supra. Upon a review of other cases, we find that this case did not involve a situation where the invitee was acting prudently by attending to one danger and missed another. See Grossnickle,
supra, and Lovejoy, Admnx. v. Sears, Roebuck Co. (June 19, 1998), 6th Dist. App. No. L-98-1025. Nor does it involve a hazard that was hidden because it was a similar color to the surface upon which the invitee was walking. Diehlman v. Braunfels (Aug. 1, 1997), 6th Dist. App. No. L-96-357 and Miller, supra. Rather, this case is akin to cases where an invitee simply missed seeing a hazard that was clearly visible until after she fell. Armstrong, supra at ¶ 16; Paschal, supra; andBuck v. DeBartolo (Sept. 29, 2000), 6th Dist. App. No. WD-99-084.
 {¶ 20} Appellants acknowledge that the dark spill was clearly visible against the light grey sidewalk. The only reason Kimberly did not see it was either that she was not looking down at that moment or that it was obstructed from her view by the infant carrier. Either reason for failing to see the hazard does not alter the fact that it was an open and obvious hazard. Therefore, we find appellants' third assignment of error not well taken.
 {¶ 21} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.