[Cite as *Price v. Wright State Univ.*, 2011-Ohio-1412.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES PRICE

    Plaintiff

    v.

WRIGHT STATE UNIVERSITY

    Defendant
    Case No. 2008-06997

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} On February 2 through 4, 2007, plaintiff attended a Weekend Intervention Program that was held on defendant's campus. The court-ordered program consisted of education in a classroom setting regarding substance abuse. On February 3, 2007, plaintiff sustained injury to his left knee and leg while descending a set of carpeted stairs in the Medical Sciences Building. Plaintiff testified that as he stepped on the first stair tread, the molding detached and he fell, landing on another student who was standing in front of him. Plaintiff stated that the molding "just snapped" when he stepped on it; that he was not the first person in the class to step on the stair tread; and that he did not notice anything wrong with the stairs before he descended them.

{¶ 3} Chris Wadham, manager of plant operations and maintenance at defendant university, testified that anyone may call or e-mail his office regarding safety or maintenance concerns and that when a complaint is received, it is entered into a

computer database and assigned for repair. Wadham searched the database and did not find any complaints about the stairs in the Medical Sciences Building prior to plaintiff's fall. Wadham noted that the custodial staff cleans the auditorium on a daily basis and that a detailed annual inspection occurs prior to the start of classes.

{¶ 4} Marsha Alba testified that she was a custodian at defendant university at the time of plaintiff's fall. Alba explained that her duties included picking up trash that had been left in the auditorium. To accomplish this task, Alba would walk up and down every step of the auditorium, using a broom to collect the trash. Alba stated that she had never noticed any loose stair molding in the 14 years that she had worked as a custodian and that, if she had, she would have notified her supervisor about it.

{¶ 5} Michael Bailey testified that he was also a custodian at the time of plaintiff's fall, and that his duties included emptying the trash cans and vacuuming the carpets in the Medical Sciences Building auditorium. Bailey stated that it was his practice to vacuum every step in the auditorium and that he had never encountered any issue with the stair molding. Bailey added that if he had noticed any loose molding, he would have reported it to the maintenance department.

{¶ 6} Gina Mathis testified that she was a custodial service manager at the time of the incident and that she was responsible for training all custodial staff. Mathis stated that the university issued cleaning guidelines for custodial staff. (Defendant's Exhibit A.) Although no written requirement to inspect the stair molding is set forth in the guidelines, Mathis stated that the auditorium is inspected during the daily cleaning which includes vacuuming on a "spot" basis, and that the entire auditorium is vacuumed on a weekly basis.

{¶ 7} Kathleen Warden, defendant's facilities coordinator, testified that her office would receive calls regarding maintenance and that her office would conduct weekly building "walk-throughs" and perform preventative maintenance. On January 25, 2007, Warden conducted a walk-through of the auditorium to make sure that cleaning had been performed and to check for any problems with seating or carpeting. During that walk-through, she stepped on every stair tread in the auditorium and did not notice any loose molding. Warden noted that the molding on the auditorium stairs was installed

along with the carpeting in 2003, and that the carpeting on the stairs was in "excellent" condition at the time of plaintiff's fall.

{¶ 8} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 9} Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify him as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47.

{¶ 10} In order for a business invitee to recover in a negligence action based on a slip-and-fall accident it must be established:

{¶ 11} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or

{¶ 12} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

{¶ 13} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Evans v. Armstrong Group* (Sept. 23, 1999), Franklin App. No. 99AP-17, quoting *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589.

{¶ 14} The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 15} Upon review of all the evidence, the court finds that plaintiff has failed to prove that defendant had either actual or constructive notice of any defect in the stairs. The greater weight of the evidence shows that no complaints about the stairs had been reported prior to plaintiff's fall, that the carpeting on the stairs was in good condition, and that the defect in the stairs was discovered only after plaintiff fell. Indeed, plaintiff himself testified that other people in the class had traversed the stairs without incident and that he did not detect a problem with the stairs until he fell. The court finds that plaintiff has failed to produce evidence to justify the inference that the failure to either remove the defect or warn against it was attributable to a want of ordinary care by defendant. The court further finds that defendant's practice of daily "spot" vacuuming and weekly vacuuming of the floors and stairs in the auditorium was a reasonable plan for maintenance of the stairs. For the foregoing reasons, the court finds that plaintiff has failed to prove by a preponderance of the evidence that defendant breached any duty it owed to him. Accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES PRICE

    Plaintiff

    v.

WRIGHT STATE UNIVERSITY

    Defendant
    Case No. 2008-06997

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Emily M. Simmons
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Rema A. Ina
Assistant Attorney General
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215

Kent J. Depoorter
Sha D. Hinds-Glick
7501 Paragon Road
Dayton, Ohio 45459

HTS/cmd
Filed March 1, 2011
To S.C. reporter March 22, 2011