[Cite as *Peterson v. Cuyahoga Hills Boys' School*, 2011-Ohio-1856.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHERYL PETERSON, et al.

    Plaintiffs

    v.

CUYAHOGA HILLS BOYS' SCHOOL

    Defendant
    Case No. 2009-03533

Judge Joseph T. Clark

DECISION

{¶ 1} Plaintiffs brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} On June 1, 2006, plaintiff[1] was working as a speech therapist pursuant to a personal services contract with defendant. As plaintiff walked in the hallway from the education office to her office, she turned right at a corner, walked a few steps, felt her foot slide, and fell to the floor. Plaintiff sustained personal injury, including a broken right foot, as a result of the fall. Plaintiff explained that her shirt and the area of her pants around her knee became wet from a substance on the floor as a result of her fall.

{¶ 3} Joint Exhibit I, a DVD of the surveillance video that was recorded on the day of the incident, shows that a juvenile used a mop to clean the floor, and that approximately six minutes later, plaintiff walked through the area of the floor that had

---

[1]"Plaintiff" shall be used to refer to Cheryl Peterson throughout this decision.

been mopped and fell.[2]  No warning signs or cones are visible on the surveillance tape. Plaintiff testified that in her experience at the building, one side of the hallway would be mopped at a time, and cones would be placed to warn of a wet floor.  However, on the day that she fell, no signs or cones were in place.

{¶ 4}  Although defendant admits that the floor had been mopped, that the floor was wet at the time of plaintiff's fall, and that no warning signs or cones were placed to show that the floor was wet, defendant denies liability.  Defendant argues that plaintiff's decision to wear high-heeled shoes to work and her failure to look down while she was walking show a lack of ordinary care and a disregard for her own safety.

## I. NEGLIGENCE

{¶ 5}  In order for plaintiffs to prevail upon their claim of negligence, they must prove by a preponderance of the evidence that defendant owed them a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused plaintiff's injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 6}  Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137.  Plaintiff was on defendant's premises for purposes that would classify her as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."  *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47.  An owner or occupier of premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."  *Armstrong*, supra, at 80.

{¶ 7}  In order for a business invitee to recover in a negligence action based upon a slip-and-fall accident it must be established:

---

[2]Although no testimony was presented regarding what material the floor consisted of, the surveillance video shows that it was either tile or linoleum.

{¶ 8} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or

{¶ 9} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

{¶ 10} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Evans v. Armstrong Group* (Sept. 23, 1999), Franklin App. No. 99AP-17, citing *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589.

{¶ 11} Upon review of the evidence, the court finds that plaintiff has established that defendant created the hazard which caused her injury and that the standard of care required defendant to warn of the danger of the wet floor.

{¶ 12} Turning to defendant's assertion that plaintiff contributed to her injuries, the court finds that defendant's argument is completely without merit. Defendant presented no evidence that plaintiff failed to use ordinary care for her own safety. Although defendant argues that plaintiff failed to "look down" while she was walking, defendant elicited no testimony in that regard.[3] Furthermore, a review of the surveillance video is inconclusive as to whether plaintiff was looking down while she was walking, and defendant presented no evidence to suggest that, even if plaintiff had been looking down while she was walking, she would have seen that the floor was wet.

{¶ 13} With regard to defendant's argument that plaintiff's choice of footwear contributed to her injuries, the court finds that plaintiff's testimony, coupled with Plaintiffs' Exhibit 5 (the pair of shoes that plaintiff was wearing at the time of her fall) show that her shoes were appropriate business attire and that the heels of the shoes were not unusually high. Plaintiff testified that she was wearing "dress pants" and "black pumps" when she fell; that she was required to wear closed-toed shoes that were "business-like" to work; and that she was not allowed to wear athletic footwear to work. Defendant failed to produce any evidence that the shoes that plaintiff was wearing were

---

[3]Even if defendant had established that plaintiff failed to look down, by analogy "[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward." *Grossnickle v. Village of Germantown* (1965), 3 Ohio St.2d 96, paragraph two of the syllabus.

inappropriate for her duties as a speech therapist. Accordingly, the court finds that no comparative negligence shall be attributed to plaintiff. See R.C. 2315.33.

## II. LOSS OF CONSORTIUM

{¶ 14} Finally, at trial, defendant made an oral motion to dismiss plaintiffs' claim for loss of consortium on behalf of plaintiff's husband, Michael Peterson, pursuant to Civ.R. 41(B)(2), on the ground that, upon the facts and the law, plaintiffs had shown no right to relief. Counsel for plaintiffs argued that inasmuch as the issues of liability and damages were bifurcated for trial, he did not present Michael Peterson as a witness and reserved his right to do so at any trial on the issue of damages.

{¶ 15} "[A]n action for loss of consortium occasioned by a spouse's injury is a separate and distinct cause of action * * *[.]" *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 92. "[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having caused a legally cognizable tort claim upon the spouse who suffers bodily injury." Id. at 93.

{¶ 16} The Ninth District Court of Appeals has stated: "In cases where the two claims [loss of consortium and bodily injury] are premised on the same alleged incident, the mandates of both logic and judicial economy would seem to dictate that the primary claim should be determined either prior to, or at the same time as, the consortium claim, since failure to prove the underlying claim may dispose of the derivative claim altogether, thus rendering two separate trials unnecessary." *Balazs v. Watts*, (Sept. 20, 1995), Summit App. No. 17164, page 10. The court is persuaded by the reasoning in *Balazs*, supra. Accordingly, defendant's oral motion to dismiss plaintiff's, Michael Peterson, claim for loss of consortium pursuant to Civ.R. 41(B)(2) is DENIED. Plaintiffs may present evidence regarding the loss of consortium claim at the trial on the issue of damages.

{¶ 17} For the foregoing reasons, the court finds that plaintiffs have proven their claim of negligence and, accordingly, judgment shall be rendered in favor of plaintiffs.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHERYL PETERSON, et al.

     Plaintiffs

     v.

CUYAHOGA HILLS BOYS' SCHOOL

     Defendant
     Case No. 2009-03533

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

       This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of plaintiffs on their claim of negligence. The case will be set for trial on the issue of damages and on plaintiff's, Michael Peterson, claim for loss of consortium.

_____
JOSEPH T. CLARK
Judge

cc:

Arthur E. Dombek
Leonard Ehrenreich
The Leader Building
526 Superior Avenue, N.E., Suite 1130
Cleveland, Ohio 44114

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/cmd
Filed March 24, 2011
To S.C. reporter April 12, 2011