[Cite as *Preston v. Ohio State Univ. Med. Ctr.*, 2011-Ohio-3898.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA D. PRESTON

     Plaintiff

     v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

     Defendant

     Case No. 2010-05676

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} This case is sua sponte assigned to Judge Clark B. Weaver Sr. to conduct all proceedings necessary for decision in this matter.

{¶ 2} On April 11, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56. Plaintiff did not file a response. The motion is now before the court for a non-oral hearing. See Civ.R. 56 and L.C.C.R. 4.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5} On April 1, 2008, plaintiff was admitted to defendant's hospital for treatment of the condition of preeclampsia, which is high blood pressure during pregnancy. On April 3, 2008, plaintiff took a bath in Room 692 of the hospital. While attempting to exit the bathtub, plaintiff reached for the railing, which came loose from the wall, causing her to fall. Plaintiff alleges that she sustained permanent injuries to her head, neck, back, and legs as a result of defendant's negligent maintenance of its premises. Plaintiff further alleges that as a result of defendant's negligence, she gave birth to a premature baby with permanent disabilities on April 4, 2008.

{¶ 6} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify her as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition * * *." *Armstrong*, supra, at 80.

{¶ 7} "The duty of ordinary care includes maintaining the premises in a reasonably safe condition and inspecting the premises to discover hidden or latent dangers. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52. The owner of premises is liable to an invitee for injuries caused by latent defects when the owner

knows, or in the exercise of ordinary care should have known, about the hazard for a time sufficient to correct the defect. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31; see, also, Restatement of the Law 2d, Torts (1965) 215, Section 343." *Tarkany v. Board of Trustees of Ohio State Univ.* (June 4, 1991), Franklin App. No. 90AP-1398. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 8} In support of its motion, defendant submitted the affidavit of Paul Willis, who avers as follows:

{¶ 9} "1. I am currently employed as a full time employee by The Ohio State University Medical Center ('OSUMC') as a Zone Technician 3 in the facilities services department. During April 2008, I worked this same position;

{¶ 10} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit;

{¶ 11} "3. During April, 2008, my assignment included the 6th Floor of Doan Hall, which included room 692. Neither I nor my department had notice of the bathtub railing being loose in Doan Hall Room 692 prior to Cynthia Preston's alleged fall on April 3, 2008;

{¶ 12} "4. The OSUMC maintenance department regularly conducts inspections of its bathtub railings, like the one in Doan Hall, Room 692, whenever doing other maintenance projects in the bathrooms. In addition, the cleaning staff and nursing staff are frequently cleaning or preparing the bathtubs for patient use. Whenever a maintenance problem is discovered, the cleaning staff or nursing staff is to notify the maintenance staff. I am not aware of any evidence that someone on the cleaning or nursing staffs saw the loose railing but never notified the maintenance department;

{¶ 13} "5. On April 4, 2008, I responded to the maintenance request and fixed the loose railing on [sic] in Room 692. The bathtub railings are attached to the wall with

four anchors. I discovered that one anchor was loose, and that part of the railing did move a couple of inches. However, the rest of the railing did not budge from the wall."

{¶ 14} In addition, defendant submitted the affidavits of Karen Stone, patient care assistant, Darla Miller, R.N., and Karen Phelps, R.N., who all aver that they were assigned to care for plaintiff at various times during her stay at defendant's hospital from April 3-4, 2008, but did not have notice that the bathtub railing in Doan Hall Room 692 may have been loose prior to plaintiff's fall.

{¶ 15} Civ.R. 56(E) states, in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 16} Plaintiff did not file a response to defendant's motion. Construing the evidence most strongly in plaintiff's favor, the court finds that defendant had neither constructive nor actual notice of the defective condition of the bathtub railing prior to plaintiff's fall. Therefore, the court finds that there exists no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Inasmuch as the court has found that defendant did not commit a breach of its duty of care owed to plaintiff, the issue of proximate cause of injury to either plaintiff or to her baby is not before the court. Based upon the foregoing, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA D. PRESTON

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2010-05676

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Daniel R. Forsythe
Karl W. Schedler
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Cynthia D. Preston
3117 Easthaven Drive South
Columbus, Ohio 43232

HTS/cmd
Filed July 1, 2011
To S.C. reporter August 2, 2011