[Cite as *Maresh v. Univ. of Akron*, 2011-Ohio-5331.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BARBARA P. MARESH, et al.

    Plaintiffs

    v.

THE UNIVERSITY OF AKRON

    Defendant
    Case No. 2010-09400

Judge Alan C. Travis

DECISION

{¶1} On July 25, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 15, 2011, plaintiffs notified the court that they would not file a response. The case is now before the court for a non-oral hearing.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} On August 26, 2006, plaintiffs, Barbara and Robert Maresh, attended the graduation of Robert's daughter at defendant's university.[1] After the graduation program had concluded, plaintiffs descended the steps from the auditorium to a sidewalk which led to the lot were their car was parked. Plaintiff was talking to her husband as they walked toward the parking lot and came upon a section of the sidewalk that was raised approximately one inch from the adjacent section of concrete. (Plaintiff's deposition, page 14; Complaint, ¶6.) Plaintiff tripped on the irregular surface and fell, injuring her back, left ankle, and right elbow. Plaintiffs assert that the raised section of the sidewalk constituted a dangerous condition and that defendant was negligent for allowing such condition to exist on its premises.

{¶5} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶6} Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify her as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong*, supra, at 80.

{¶7} "An owner is not, however, an insurer of the customer's safety." *Blain v. Cigna Corp.*, Franklin App. No. 02AP-1442, 2003-Ohio-4022, ¶7.

---

[1]For the purposes of this decision, "plaintiff" shall refer to Barbara Maresh.

{¶8} An owner or occupier of premises "is generally not liable for minor defects in sidewalks and walkways because these are commonly encountered and pedestrians should expect such minor defects." *Blain*, supra, at ¶8, citing *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 32. The Supreme Court of Ohio has "promulgated what has now come to be known as the 'two-inch rule,' which provides that a difference in elevation in a sidewalk or walkway, which is less than two inches, is insubstantial as a matter of law" unless the attendant circumstances raise a question as to whether the defect was substantial. Id. at ¶8-9. "[A]ttendant circumstances are those that divert the attention of the pedestrian, significantly enhance the danger of the defect, or contribute to the fall." Id. at ¶17. Attendant circumstances include "'the condition of the sidewalk as a whole, its pedestrian traffic volume, visibility of the defect, and whether the accident site was such that one's attention could easily be diverted.'" Id. at ¶11, quoting *Hughes v. Kozak* (Feb. 22, 1996), Cuyahoga App. No. 69007.

{¶9} Furthermore, plaintiff has a duty to exercise some degree of care for her own safety while walking. See *Lydic v. Lowe's Companies, Inc.*, Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶16. "A pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse." Id.

{¶10} In her deposition, plaintiff stated that she was "casually walking" at the time of the incident. According to plaintiff, the weather was clear, the sidewalk was dry, and the section of sidewalk that she tripped on was raised approximately one inch above the adjacent pavement. (Plaintiff's deposition, pages 12, 14, 19.) Plaintiff failed to present evidence of any other attendant circumstances.

{¶11} Defendant submitted the affidavit of Lieutenant Dale Gooding, who is employed by defendant's police department and avers as follows:

{¶12} "6. As part of my duties and responsibilities of working for the University of Akron Police Department, I report to accident scenes and complete incident/police reports. On August 26, 2006, I responded to a call at the E.J. Thomas Hall Performing Arts Center. I arrived on the scene at 12:40 p.m. Mr. Robert Maresh and Ms. Barbara Maresh pointed out a portion of the concrete sidewalk that was raised

approximately one-inch from the adjacent portion of the walkway. They informed me that this elevation change caused Ms. Maresh to fall. * * *"

{¶13}    Construing the evidence most strongly in plaintiff's favor, the only reasonable conclusion to be drawn from the evidence is that the difference in the elevation in the sidewalk was insignificant and that plaintiff's fall was not caused by any hidden or hazardous condition on defendant's premises. Inasmuch as the condition was not an unreasonable danger, as a matter of law, defendant owed no duty to repair it or warn pedestrians. See *Denny v. Ohio State Univ.* (Aug. 21, 1997), Franklin App. No. 97API02-278. Therefore, the derivative claim for loss of consortium also must fail. See *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BARBARA P. MARESH, et al.

  Plaintiffs

  v.

THE UNIVERSITY OF AKRON

  Defendant
Case No. 2010-09400

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

{¶14}     A non-oral hearing was conducted in this case upon defendant's motion for summary judgment.    For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
ALAN C. TRAVIS
Judge

cc:

David B. Shillman                               Emily M. Simmons
720 Leader Building                           Assistant Attorney General
526 Superior Avenue, East                150 East Gay Street, 18th Floor
Cleveland, Ohio 44114-1457            Columbus, Ohio 43215-3130

AMR/dms
Filed September 1, 2011
To S.C. reporter October 13, 2011